UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY COLLEY, *et al.*, | : | Case No. 1:16-cv-918 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| PROCTER & GAMBLE CO., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR VOLUNTARY DISMISSAL (Doc. 32)**

This civil action is before the Court on Plaintiffs' motion for voluntary dismissal (Doc. 32) and the parties' responsive memoranda (Docs. 33, 34).

### I. PROCEDURAL POSTURE

On March 11, 2016, Plaintiffs filed a complaint. (Doc. 1). Subsequently, Defendants filed a motion to strike class allegations and a motion to dismiss. (Doc. 11). On September 12, 2016, Judge Michael H. Watson transferred this case to the Western Division of the Southern District of Ohio and it was assigned to this Judge. (Doc. 27). On October 4, 2016, this Court granted Defendants' motion to strike class allegations and motion to dismiss, but allowed Plaintiffs the opportunity to file an amended complaint. (Doc. 30). Instead of filing an amended complaint, Plaintiffs move the Court to dismiss their claims without prejudice pursuant to Rule 41(a)(2). Specifically, Plaintiffs intend to

bring a subsequent Mass Action litigation based upon individual claims in the Court of Common Pleas for Hamilton County, Ohio.[1]

Defendants argue that Plaintiffs' individual claims under the Magnusson-Moss Warranty Act and individual claims for express warranties, injunctive relief, and unjust enrichment should be dismissed with prejudice.[2]

## II.  STANDARD OF REVIEW

A plaintiff may obtain voluntary dismissal "only by court order, on terms that the court considers proper" after a defendant files an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2). As a general rule, dismissal under Rule 41(a)(2) is by default without prejudice. *Stanton v. Kiss*, Case No. 3:13cv2082, 2014 U.S. Dist. LEXIS 52721, at *3 (N.D. Ohio Apr. 16, 2014). Dismissal with prejudice is a "harsh remedy reserved for extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct." *Luckey v. Butler Cty.*, No. 1:05cv388, 2006 U.S. District LEXIS 3361, at *15 (S.D. Ohio Jan. 13, 2006) citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980).[3]

It is within the "sound discretion" of the district court to grant a Rule 41(a)(2) motion for a voluntary dismissal. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718

---

[1] Plaintiffs maintain that they will not bring subsequent litigation in the class action format with respect to any of their claims. (Doc. 32 at 6).

[2] Dismissing Plaintiffs' claims with prejudice would foreclose Plaintiffs' rights to seek redress for their individual injuries.

[3] *See also* Moore's Federal Practice, § 41.40 (Voluntary dismissals are "routinely granted when the action has not been pending long and there has been little discovery of motion practice.").

2

(6th Cir. 1994). "Generally, a court's decision to grant a plaintiff's Rule 41(a)(2) motion is improper only if, as a result of a dismissal without prejudice, a defendant will suffer 'plain legal prejudice,' as opposed to facing the mere prospect of a second lawsuit." *Id.* A court determines whether a defendant would suffer plain legal prejudice by considering factors such as: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the party of the plaintiff in prosecuting the action; (3) the plaintiff's insufficient explanation for the need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Ohio Democratic Party v. Blackwell*, No. 2:04cv1055, 2005 U.S. Dist. LEXIS 18126 (S.D. Ohio Aug. 26, 2005).

### III.  ANALYSIS

Defendants have engaged in limited briefing, have not engaged in any discovery practice, have not filed a motion for summary judgment, and have not prepared for trial. Accordingly, Plaintiffs argue that Defendants will not suffer "plain legal prejudice" if the Court voluntarily dismisses the action. Defendants argue that Plaintiffs' "forum-shopping exercise" should not be rewarded with an order reviving the causes of action that this Court dismissed.

"Class and mass actions filed in state court that satisfy CAFA's requirements may be removed to federal court, 28 U.S.C.S. § 1453, but federal jurisdiction in a mass action, unlike a class action, shall exist only over those plaintiffs whose claims individually satisfy the $75,000 amount in controversy requirement." *Hood v. AU Optronics Corp.*,

3

134 S. Ct. 736, 740 (2014) *citing* 28 U.S.C. § 1332(d)(ii)(B)(i). Accordingly, Plaintiffs' individual claims may not only be more suitable in state court, but may be jurisdictionally prohibited in this one. Moreover, Defendants argument that Plaintiffs should not be permitted to voluntarily dismiss this case in order to forum shop has been explicitly rejected by the Sixth Circuit. *See, e.g., Luckey*, 2006 U.S. Dist. LEXIS 3361 (motion to voluntarily dismiss not *per se* improper simply because the plaintiff seeks to re-litigate in some other forum).

## IV. CONCLUSION

For these reasons, Plaintiffs' motion for voluntary dismissal (Doc. 32) is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** with the exception of the class claims which are **DISMISSED WITH PREJUDICE**. (*See* Doc. 30 at 32). The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: 12/1/16

Timothy S. Black
United States District Judge

4